## New York, Phila. & Norfolk R. R. Co. v. Ambler-Davis Co.

*Common carriers—Railroads—Rates—Special rates—Published schedule—Illegal contract.*

1. A common carrier has no power to make a special contract for a freight rate less than that specified in the published schedule.

2. The fact that a shipper has made payment in accordance with the terms of such special contract does not prevent the carrier from recovering the balance of freight as specified in the published schedule.

Rule for judgment for want of a sufficient affidavit of defence. C. P. No. 5, Phila. Co., March T., 1922, No. 7759.

*Francis B. Biddle*, for plaintiff; *Harry S. Ambler, Jr.*, for defendant.

MARTIN, P. J., April 25, 1923.—Plaintiff sued to recover carriage charges for a carload of sand shipped from Northeast, Maryland, to Costen, Maryland.

The affidavit of defence averred that the carload of sand was not consigned to defendant, but, through an error on the part of plaintiff, was shipped to defendant, although intended for another consignee; that defendant did not desire the sand and only agreed to receive it by reason of an agreement entered into between plaintiff, the defendant and the consignee of the sand, by the terms of which defendant agreed to purchase the sand from the consignee, and plantiff agreed to accept a freight rate less than the established tariff, in consideration of defendant accepting the sand and releasing the car. This agreement was consummated, and defendant paid the plaintiff the freight, which plaintiff accepted. This suit was instituted to recover the difference between the amount of freight paid by defendant and the sum chargeable in accordance with the established tariff rate.

The affidavit does not deny that the sand was shipped over the route alleged in the statement of claim, or that the established tariff rate was not the amount averred in the statement of claim, but alleges "that plaintiff expressly agreed to waive the existing tariff rate on this particular carload of sand, and offered to accept in lieu thereof" a lower rate, which was paid by defendant.

It was not within the power of the plaintiff to make the contract set forth in the affidavit of defence: Central R. R. Co. of N. J. v. Mauser, 241 Pa. 603. The fact that defendant made payment in accordance with the terms of the contract does not prevent the recovery of the balance of freight as specified in the published schedule: Pennsylvania R. R. Co. v. Crutchfield, 55 Pa. Superior Ct. 346.    Rule absolute.